<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

FRED S. LEHMANN,

        Plaintiff,

        v.

ATLANTIC COUNTY
PROSECUTORS OFFICE, et al.,

        Defendants.

Civil Action No.
07-5263 (JBS)

**MEMORANDUM OPINION**

---

APPEARANCES:

    FRED S. LEHMANN, Plaintiff Pro Se
    Riverfront State Prison
    Camden, New Jersey  08101

SIMANDLE, District Judge:

Plaintiff Fred S. Lehmann ("Plaintiff"), currently confined at Riverfront State Prison, Camden, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a) (1998), and will order the Clerk of the Court to file the Complaint.[1]

---

[1] Plaintiff's original application to prosecute this matter <u>in forma pauperis</u> failed to meet the requirements of 28 U.S.C. § 1915, causing administrative termination of this matter on

At this time, the Court must review Plaintiff's complaint ("Complaint"), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

BACKGROUND

Plaintiff asserts that, on May 28, 2006, he was sentenced on criminal charges based on a certain controlled substance offense. See Compl. ¶ 4(c). Plaintiff also alleges that, prior to his sentencing, Plaintiff reached a plea bargain agreement with his prosecutor; pursuant to that agreement, Plaintiff was expecting to be sentenced merely to a six-month program aiming to rehabilitate persons suffering of drug addictions. See id. According to the Complaint, the plea bargain agreement also provided that, if--and only if--Plaintiff failed to complete the aforesaid drug rehabilitation program, Plaintiff would be sentenced to a three year term of imprisonment, without parole. See id. Plaintiff, however, maintains that, although he was

---

December 5, 2007. After Plaintiff cured the deficiencies of his in forma pauperis application on December 27, 2008, this Court issued an order dated January 28, 2008, directing reopening of this case.

originally sentenced in accordance with the aforesaid plea bargain agreement, he was "remanded back to [the prison facility right after the original sentencing and, upon spending a certain period of time] waiting for a bed opening in [the above-described] Drug [Rehabilitation] Program, . . . resentenced to a [three] year [prison] sentence," as of Plaintiff failed to complete his drug rehabilitation program. Id. Moreover, the re-sentencing occurred without Plaintiff being present at the procedure. See id. Consequently, Plaintiff asserts that he was subjected to "[f]alse and [e]xtended [i]mprisonment for all time over the 6 months he would [have] served . . . in [the] Drug [Rehabilitation] Program," see id., and seeks monetary damages for such imprisonment, as well as for "migraine headaches, depression, anxiety and other pain[s]" suffered by Plaintiff as a result of this extended imprisonment. Id. at 3 ("Relief"). Plaintiff explains that he is "anticipat[ing] damages in excess of ten million dollars." Id.

                    STANDARD OF REVIEW

     In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C.

§ 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

4

DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833,

841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed").  The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Here, Plaintiff is asserting that his resentencing violated the terms of his plea bargain agreement, consequently causing him to endure a three-year term of imprisonment instead of a six-month-long drug rehabilitation treatment.  However, the exclusive federal remedy for an inmate challenging either the fact or the length of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks monetary and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the

6

invalidity of his revocation of parole.  See Heck v. Humphrey, 512 U.S. 477 (1994).[2]  Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him.  See Muhammad v. Close, 540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies."  Id.

    Plaintiff's allegations in the instant Complaint do not indicate that his three-year sentence has been invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus.  Although it appears that Plaintiff might have a valid basis for such state court action or a habeas application

---

[2] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-7.

to the same effect, see Dunn v. Colleran, 247 F.3d 450 (3d Cir. 2001), Plaintiff cannot circumvent this necessary prerequisite to the instant § 1983 action.

    In Dunn, the petitioner agreed to the plea of nolo contendere in exchange to his prosecutor's promise to recommend a minimum sentence within the applicable standard guideline range. At sentencing, however, the prosecutor did not mention a minimum sentence within that range, but rather argued for a lengthy term of incarceration. The petitioner argued, and the Court of Appeals for the Third Circuit agreed, that the prosecutor did not adhere to the terms of the plea agreement. The Court of Appeals held that federal law did not allow the prosecutor to unilaterally repudiate her promise and concluded that the state court's determination to the contrary was an unreasonable application of clearly established federal law, warranting the petitioner's release. See id. In view of the holding of Dunn, it appears apparent that this Court finding of a breach of Plaintiff's plea agreement would warrant Plaintiff's release. Consequently, Plaintiff's challenge to his sentence cannot accrue for the purposes of this § 1983 suit until the sentence is invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477. In follows, that Plaintiff's instant Complaint should be dismissed without prejudice.

8

CONCLUSION

The Court grants Plaintiff's application to file the Complaint <u>in</u> <u>forma</u> <u>pauperis</u> and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **March 5, 2008**